IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEDADYA FERGUSON,

        Petitioner,

    v.

MR. T. BOWSER,

        Respondent.

Civil No. 2:19-cv-00061-JR

FINDINGS AND RECOMMENDATION

RUSSO, Magistrate Judge.

      Petitioner, an adult in custody at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the court should deny the Amended Petition for Writ of Habeas Corpus (ECF No. 20).

**<u>BACKGROUND</u>**

1 - FINDINGS AND RECOMMENDATION

On May 14, 2012, a Klamath County grand jury indicted petitioner on one count of Assault in the First Degree, three counts of Assault in the Third Degree, three counts of Criminal Mistreatment in the First Degree, and one count of Assault in the Fourth Degree Constituting Domestic Violence.   Resp. Exh. 102.   The First and Third Degree Assault and Criminal Mistreatment charges arose from petitioner's repeated assaults on his girlfriend's seven-month-old son, and the Assault Four charge from his assault on his girlfriend.   Resp. Exh. 102.

The case was tried to a jury.   Petitioner did not testify at trial.   During closing argument, the prosecutor stated that the only person who knew what happened to the infant was petitioner, "[t]he baby can't tell you."   Tr. 379.   Petitioner's trial attorney moved for a mistrial, which the trial judge denied outside the presence of the jury:

> DEFENSE COUNSEL:   Your honor, when Counsel says, "We don't know what happened, the only person that knows what happened," and turns and points to the Defendant and says, "It's him," she's in effect telling the jury that he needs to be testifying, he has something to prove, and so on and so forth.   And I think that kind of a comment requires a mistrial.
>
> PROSECUTOR:   Your Honor, it wasn't given in that context.   That the baby can't talk.   The baby can't tell them.   [The doctor who examined the baby] doesn't know what happened.   The only people that can know is him and the baby.
>
> DEFENSE COUNSEL:   And there's two witnesses and he needs to tell us.
>
> THE COURT:   Your motion is denied.
>
> DEFENSE COUNSEL:   Okay.
>
> THE COURT:   But you be really, really, really careful.   Get out of that Mack truck.

2  - FINDINGS AND RECOMMENDATION

Tr. 379-80.   The trial judge subsequently instructed the jury as follows:   "A defendant has an absolute constitutional right not to present any evidence; therefore, a defendant's decision not to present any evidence cannot be considered as an indication of guilty.   It should not be commented on, or in any way considered by you in your deliberations."   Tr. 418.

The jury convicted petitioner on two counts each of Assault in the Third Degree and Criminal Mistreatment, and acquitted petitioner on the remaining charges.   Resp. Exh. 101. The trial court relied on several aggravating factors to sentence petitioner to durational departure sentences totaling 240 months of imprisonment.   Resp. Exh. 101.

Petitioner filed a direct appeal, assigning error to the denial of the motion for mistrial and to the admission of other acts evidence under Oregon evidence rules.   Resp. Exh. 103.   The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.   State v. Ferguson, 265 Or. App. 478 (2014), rev. denied, 356 Or. 767 (2015).

Petitioner then sought state post-conviction relief ("PCR").   Following an evidentiary hearing, the PCR trial court denied relief.   Petitioner appealed, and the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.   Ferguson v. Amsberry, 289 Or. App. 822, rev. denied, 363 Or. 104 (2018).

Petitioner now seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 in this court.   In his Amended Petition for Writ of Habeas Corpus, petitioner alleges one claim for relief:

> Petitioner is unlawfully imprisoned because petitioner's conviction resulted from a trial in which petitioner was deprived of the right against compelled self-incrimination and the right to a fair trial, in violation of the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, when the trial court denied petitioner's motion for a mistrial after the prosecutor commented in closing argument on petitioner's decision not to testify at trial.

3   - FINDINGS AND RECOMMENDATION

Respondent argues the state court decision denying the motion for mistrial is entitled to deference because it was not contrary to or an unreasonable application of clearly established federal law.

## LEGAL STANDARDS

A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."   28 U.S.C. § 2254(d)(1).   A state court decision is "contrary to" federal law if it fails to apply the correct Supreme Court authority, or if it reaches a different result in a case with facts "materially indistinguishable" from Supreme Court precedent.   Brown v. Payton, 544 U.S. 133, 141 (2005).   A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable manner."   Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (per curiam); see also Early v. Packer, 537 U.S. 3, 11 (2002) (per curiam) (state court decisions may be set aside "only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law, or based on 'an unreasonable determination of the facts'").

## DISCUSSION

The Fifth Amendment provides that "No person shall be compelled in any criminal case to be a witness against himself."   The Fifth Amendment self-incrimination privilege "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."   Griffin v. California, 380 U.S. 609, 615 (1965).   "While a direct comment about the defendant's failure to testify always violates Griffin, a prosecutor's indirect

4  - FINDINGS AND RECOMMENDATION

comment violates <u>Griffin</u> only 'if it is manifestly intended to call attention to the defendant's failure to testify, or is of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify.'"   <u>Hovey v. Ayers</u>, 458 F.3d 892, 912 (9th Cir. 2006) (quoting <u>Lincoln v. Sunn</u>, 807 F.2d 805, 809 (9th Cir. 1987)).   Reversal is warranted for <u>Griffin</u> error in the face of indirect comment "only 'where such comment is extensive, where an inference of guilty from silence is stressed to the jury as a basis for the conviction, and where there is evidence that could have supported acquittal.'"   <u>Hovey</u>, 458 F.3d at 912 (quoting <u>Anderson v. Nelson</u>, 390 U.S. 523, 524 (1968)); <u>see also</u> <u>Beardslee v. Woodford</u>, 358 F.3d 560, 588 (9th Cir. 2003) ("when the comments are limited in nature and could not have affected the verdict, we have declined to reverse").

Here, the prosecutor did not directly comment on petitioner's silence.   Moreover, the prosecutor's indirect statement was not manifestly intended to call attention to the defendant's failure to testify, or of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify.   Instead, a reasonable jurist could determine that the comment would be taken as a comment on why the state's case was necessarily circumstantial in light of the victim's age and inability to testify, and the state therefore did not identify with absolute certainty the timeline of events leading up to the victim's injury.   The comment was not extensive, and the prosecutor did not stress an inference of guilt from silence to the jury as a basis for the conviction.   As such, the denial of petitioner's mistrial was neither contrary to nor an unreasonable application of clearly established federal law.

Finally, any error was harmless.   This court may grant habeas relief for a trial court constitutional error only if the error "had substantial and injurious effect or influence in

determining the jury's verdict." <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 635-38 (1993).   As noted above, the trial judge instructed the jury that they may not draw any inference of guilt from the fact that petitioner did not testify.   This type of instruction "tends to cure an improper comment by the State." <u>Grigsby v. Williams</u>, Case No. 2:16-cv-01886-APG-DJA, 2019 WL 5294398, at *5 (D. Nev. Oct. 18, 2019) (citing <u>United States v. Jones</u>, 459 F.2d 47 (9th Cir. 1972)).   Considered along with the jury instructions and the evidence presented by the state, the prosecutor's statement did not have a substantial injurious effect or influence in determining the jury's verdict and was, therefore, harmless.

## <u>CONCLUSION</u>

For these reasons, the court should DENY the Amended Petition for Writ of Habeas Corpus and enter a judgment of DISMISSAL.   The court should DENY a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right.   *See* 28 U.S.C. § 2253(c)(2).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a

party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this ____8____ day of May 2020.

_____
Jolie A. Russo
United States Magistrate Judge

7  - FINDINGS AND RECOMMENDATION